

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Martin

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Martin" (2002). *2002 Decisions.* Paper 468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3082
_____

UNITED STATES OF AMERICA

v.

ROBERT EARL MARTIN,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 98-cr-00178
(Honorable Norma L. Shapiro)

_____

Argued April 26, 2002

Before:  BECKER, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Filed:  July 30, 2002)

DAVID L. McCOLGIN, ESQUIRE (ARGUED)
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Suite 540 West
Independence Square West
Philadelphia, Pennsylvania 19106

        Attorney for Appellant

MARY E. CRAWLEY, ESQUIRE (ARGUED)
Office of United States Attorney

615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

Attorney for Appellee

_____

OPINION OF THE COURT

_____

SCIRICA, Circuit Judge.

Robert Martin appeals from a judgment of conviction and sentence. Following a jury trial, Martin was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(d), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Due to two prior violent felony convictions, Martin was sentenced to life imprisonment under 18 U.S.C. § 3559(c) ("Three Strikes" statute). We will affirm.

I

Martin makes two arguments on appeal - first, that the prosecutor denied his right to due process and a fair trial by stating her beliefs regarding the evidence and mischaracterizing the testimony of the photographic evidence expert; second, that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the government was required to prove his two prior violent felony convictions to the jury beyond a reasonable doubt in order for the "three strikes" mandatory life sentence to apply.

A.

Since Martin failed to object to the alleged trial errors, we review for plain error under Federal Rule of Criminal Procedure 52(b).[1] United States v. Olano, 507 U.S. 725, 732 (1993). Under the plain error test,

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Johnson v. United States, 520 U.S. 461, 466-467 (1997) (quotations and citations omitted). The Supreme Court has declared that Rule 52(b)

> authorizes the Courts of Appeals to correct only particularly egregious errors, those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings. In other words, the plain-error exception to the contemporaneous-objection rule is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.

United States v. Young, 470 U.S. 1, 15 (1985) (quotations and citations omitted)

Martin argues that the prosecutor's opening and closing statements included improper vouching. We have noted that in order to find improper vouching,

> two criteria must be met: (1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record. Thus, it is not enough for a defendant on appeal to assert that the prosecutor assured the jury that a witness' testimony was credible. The defendant must be able to identify as the basis for that comment an explicit or implicit reference to either the personal knowledge of the prosecuting attorney or information not contained in the record.

---

[1] Rule 52(b) of the Federal Rules of Criminal Procedure provides: "PLAIN ERROR. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

United States v. Walker, 155 F.3d 180, 184 (3d Cir. 1998).

Martin contends that in her opening statement, the prosecutor expressed her personal opinion on the evidence by stating "[t]his man [Martin] walked into the bank carrying a loaded sawed-off shotgun."  The prosecutor then continued to describe how "this man" robbed the bank without the qualification that this is what the evidence would show. Martin argues the prosecutor compounded the error in her closing argument when she improperly vouched for government witnesses regarding eyewitness testimony,[2] and the surveillance photographs.[3]

While improper, we do not believe the prosecutor's comments constituted plain error.[4]  The court gave preliminary instructions immediately before opening statements

---

[2]In reference to the eyewitnesses, the prosecutor stated in her closing argument: (1) "So I believe that the evidence shows you that all three of these eye witnesses had, at various times, unobstructed views of the defendant, and each of them came to court, swore to tell the truth, and identified him as the man who had robbed the bank that day."  (2) "I believe that given the lighting and the unobstructed views, the photo spread identifications . . . and the other various factors that you heard when these people testified, based on all of these things, you can find that their identification of him is correct, that he did rob the bank."

[3]In reference to the photographs, the prosecutor stated in her closing argument, "Yes, they [surveillance photgraphs] corroborate the government's view and corroborate the eye witnesses. They show you that the eye witnesses are not wrong when they come into court and identify Mr. Martin as the robber."

[4]In Walker, we reminded prosecutors that:

It is perfectly acceptable practice for a prosecutor to use language in addressing the jury such as "you are free to conclude," "you may perceive that," "it is submitted that," or "a conclusion on your part may be drawn," to mention only a few examples of unobjectionable phraseology.   It is obligatory for prosecutors to find careful ways of inviting jurors to consider drawing argued inferences and conclusions and yet to

(continued...)

4

instructing the jury that "[t]he statements, the arguments and the questions by the lawyers aren't evidence."

Furthermore, the prosecutor's comments and phraseology ("I believe . . . ") in her closing arguments, did not themselves constitute improper vouching. These comments were correctly analyzed by the District Judge who noted that while they "arguably satisfy the first criteria of improper vouching because they stated her opinion on the validity of the government witnesses' identifications," the comments did not contain "an implicit or explicit reference to personal knowledge of the prosecutor or information not in the record . . . . [but] clearly referred to evidence the jury might have properly considered." United States v. Martin, 2000 WL 233217, *5 (E.D. Pa. 2000).[5] Because the prosecutor's comments "referred to evidence presented in the record, it does not constitute vouching." United States v. Dispoz-O-Plastics, Inc., 172 F.3d 275, 288 (3d Cir. 1999).

During trial, Martin called one witness, Richard Vorder Bruegge from the Federal Bureau of Investigation, an expert examiner of photographic evidence. Vorder Bruegge

---

[4](...continued)
> avoid giving the impression that they are conveying their personal views to the jurors.

155 F.3d at 189.
We remind them again.

[5]While the prosecutor's comments during her closing argument did not constitute plain error, we reiterate that "'[i]t is obligatory for prosecutors to find careful ways of inviting jurors to consider drawing argued inferences and conclusions and yet to avoid giving the impression that they are conveying their personal views to the jurors.'" Walker, 155 F.3d at 189 (quoting United States v. Nersesian, 824 F.2d 1294, 1328 (2d Cir. 1987).

testified about his comparison of surveillance photos of the bank robber and the arrest photo of Martin. Vorder Bruegge stated that while "he was very close to making a positive identification," ultimately he "couldn't tell" whether the surveillance photos of the bank robber was a photograph of Martin.

In her closing statement, the prosecutor misrepresented Vorder Bruegge's testimony regarding his comparison of the photographs on at least three occasions: (1) by telling the jury that to Vorder Bruegge "they certainly looked like the same person"; (2) by arguing that he "said that it sure looked like the same person"; and (3) that he was "sure that these were the same person." Martin contends that by mischaracterizing the testimony of Vorder Bruegge, the prosecutor denied him a fair trial.

The prosecutor's comments were error, but they did not constitute plain error. The Supreme Court has declared that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's statements standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." United States v. Young, 470 U.S. 1, 11 (1985). Accordingly, we do not believe the challenged statements seriously affected the fairness of the trial. Id. at 20.

Although the prosecutor misrepresented Vorder Bruegge's testimony at various points during her closing, she also accurately portrayed his testimony by stating

> Mr. Vorder Bruegge . . . is an expert in the comparison of photographs. He
> compared certain photographs . . . and he could not make a positive identification of

6

the two people in the photographs, whether it was one person or more than one person.

Furthermore, the evidence presented at trial was substantial. There were three eyewitnesses who identified Martin as the bank robber as well as a witness who observed "his funny walk" during the robbery. (An FBI agent testified that he noticed Martin's "pigeon toed" gait while he was in custody.) The jury was able to evaluate the witnesses' testimony by comparing it with a video surveillance tape of the bank robbery. In addition, the jury was able to compare the video, and the surveillance photos of the robber with the arrest photograph of Martin.[6] Moreover, as it did before opening arguments, the District Court gave general curative instructions to the jurors following closing arguments, charging them that they were the judges of the facts and that they should not consider counsel's arguments as evidence.

Viewing the entire proceedings, there was ample evidence for the jury to determine Martin's guilt. The prosecutor's comments did not "undermine the fundamental fairness of the trial" or "contribute to a miscarriage of justice." Young, 470 U.S. at 16.

## II

The District Court sentenced Martin to a mandatory sentence of life in prison under the "Three Strikes" statute, 18 U.S.C. § 3559(c)(1), because of two prior violent

---

[6]Before the jury returned verdicts of guilty on both counts, they requested and received from the District Court a second opportunity to observe Martin while wearing a Philadelphia Eagles cap so that they could compare it with the photograph of the bank robber who was wearing an Eagles cap during the robbery.

felony convictions. Under 18 U.S.C. § 3559(c)(1)(A)(i), "a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if the person has been convicted . . . on separate prior occasions in a court of the United States or of a State of 2 or more serious violent felonies." Martin contends as a matter of due process that under Apprendi his prior convictions should have been submitted to the jury and proved beyond a reasonable doubt before they could be used to increase his maximum sentence under § 3559(c).

Nonetheless, Martin acknowledges that this argument is foreclosed by this circuit's precedent.[7] See United States v. Weaver, 267 F.3d 231 (3d Cir. 2001). In Almendarez-Torres, the Supreme Court "decided that no due process violation occurs when prior convictions are used to increase a statutory maximum without being charged in an indictment and proved to a jury beyond a reasonable doubt." Weaver, 267 F.3d at 250 (citation omitted). We have repeatedly noted that the Court excepted the "fact of a prior conviction" from the sentence-enhancing factors which must be proved to a jury.[8] See United States v. Stubbs, 281 F.3d 109, 123 (3d Cir. 2002); Weaver, 267 F.3d 231, 250.

III

---

[7]In his brief, Martin states he "recognizes that this Court has already ruled that Apprendi does not apply to the fact of prior conviction. Nonetheless, this issue is raised here in order to preserve it in the event that this Court or the Supreme Court extends the reasoning of Apprendi to the fact of prior conviction." (citation omitted).

[8]Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

TO THE CLERK:

Please file the foregoing opinion.

/s/   Anthony J. Scirica
Circuit Judge

10