CLD-045                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2540
_____

UNITED STATES OF AMERICA

v.

ROBERT EARL MARTIN,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Action No. 2:98-cr-00178-001)
District Judge:  Mark A. Kearney
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2024

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: December 13, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Martin appeals pro se from the District Court's order denying his fourth

motion for compassionate release. The United States moved to summarily affirm the

District Court's judgment and to be excused from filing a brief. See 3d Cir. L.A.R. 27.4.

We grant the motion.

In 1998, a jury found Martin guilty of armed bank robbery, see 18 U.S.C. § 2113,

and using and carrying a firearm during a crime of violence, see 18 U.S.C. § 924(c). At

sentencing, in August 2001, the District Court found by a preponderance of the evidence

that Martin had two prior serious violent felony convictions. The District Court

sentenced Martin to life in prison pursuant to the "three-strikes" sentencing law.[1] We

affirmed the judgment of conviction and sentence. United States v. Martin, 46 F. App'x

119, 123 (3d Cir. 2002).

In July 2024, Martin moved for compassionate release or a reduction in sentence

under 18 U.S.C. § 3582(c)(1)(A). He based his motion on a sentencing policy allowing

consideration of relief from an "unusually long sentence" that, due to a change in the law,

would be grossly different if imposed today. See U.S.S.G. § 1B1.13(b)(6). He argued

that because his prior convictions were not charged in the indictment or submitted to the

---

[1] See 18 U.S.C. § 3559(c)(1) (mandating a life sentence when a defendant convicted of a serious violent felony (A) has been convicted on "separate prior occasions" of (i) at least two serious violent felonies or (ii) at least one serious violent felony and at least one serious drug offense; and (B) "each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense").

jury and proven beyond a reasonable doubt, applying the "three-strikes" provision was unconstitutional after Erlinger v. United States, 602 U.S. 821 (2024).  The District Court denied Martin's motion.  Martin appealed.  The United States timely moved for summary action, and Martin opposed the motion.

We have appellate jurisdiction under 28 U.S.C. § 1291.  We may summarily affirm the District Court's judgment if the appeal presents no substantial question.  See 3d Cir. I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  We review the District Court's denial of the compassionate release motion for abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  We review legal questions de novo.  See United States v. Bansal, 663 F.3d 634, 658 (3d Cir. 2011).

Under the compassionate release statute, a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction" and considers applicable statutory sentencing factors.  18 U.S.C. § 3582(c)(1)(A)(i).  The United States Sentencing Commission determines what qualifies as an "extraordinary and compelling reason."  28 U.S.C. § 994(t).  Recently, the Sentencing Commission amended its sentencing guidelines and policy statements.  See 88 Fed. Reg. 28,254.  One of these policy amendments provides:

3

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Id.; U.S.S.G. § 1B1.13(b)(6).[2]

The "three-strikes" provision under which the District Court enhanced Martin's sentence, § 3559(c)(1), has not changed since Martin's sentence. Instead, Martin argues that Erlinger v. United States changed the law, so his sentence is now unconstitutional and would be different had he been sentenced today. In Erlinger, the U.S. Supreme Court held that, for a sentence enhancement under 18 U.S.C. § 924(e)(1), only a jury may determine whether a defendant's prior criminal acts were committed on different occasions. 602 U.S. at 834-35. As Martin points out, the U.S. Supreme Court re-emphasized that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Id. at 834 (cleaned up) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). The Court also re-stated the

---

[2] We recently held that this amendment was invalid as applied to the First Step Act's change to 18 U.S.C. § 924(c). See United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024).

exception to this general rule, which is that judges may find "the fact of a prior conviction." Id. at 838 (quoting Alleyne v. United States, 570 U.S. 99, 111 n.1 (2013)); see also Almendarez-Torres v. United States, 523 U.S. 224 (1998). Under this exception, a judge can find what crime the defendant was convicted of, and the elements of that crime, but nothing more. Erlinger, 602 U.S. at 838. In Erlinger, the District Court's determination that the defendant's offenses occurred on separate occasions exceeded the scope of this exception. See id. at 838-39. The Court expressly limited its holding to § 924(e)(1)'s occasions inquiry. See id. at 835 ("Erlinger was entitled to have a jury resolve [the Armed Career Criminal Act's] occasions inquiry unanimously and beyond a reasonable doubt, [but] we decide no more than that.").

Martin argues that Erlinger "changed the application of Apprendi and [A]lmendarez-Torres." We disagree. Erlinger merely applied Apprendi to the sentencing scheme in § 924(e)(1). See Erlinger, 602 U.S. at 837-39; see also id. at 835 ("Really, this case is as nearly on all fours with Apprendi and Alleyne as any we might imagine."). It did not change the law.

We have already applied Apprendi to the "three-strikes" provision in § 3559(c) and concluded that it is permissible for the judge to find that the defendant had the relevant prior convictions. See United States v. Weaver, 267 F.3d 231, 250-51 (3d Cir. 2001). Martin submits for the first time on appeal that a jury should have considered the other findings required under § 3559(c)(1), i.e., that he was convicted "on separate prior

5

occasions," and each crime used as a basis for sentencing, other than the first, was committed after his conviction of the preceding serious violent felony or serious drug offense. But Martin's argument is not based on a change in the law, but rather is an application of Apprendi that he could have raised on direct appeal. See Martin, 46 F. App'x at 123; Apprendi, 530 U.S. at 490.[3] The District Court did not abuse its discretion by denying Martin's compassionate release motion.

Accordingly, we will affirm the District Court's judgment.

---

[3] Thus, we need not address the validity of U.S.S.G. § 1B1.13(b)(6) as applied in this instance.